UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL,  )  <br>  ) <br> Plaintiff,  ) <br>  ) <br> v.  ) <br>  ) <br> CORIZON and THE EASTERN  ) <br> RECEPTION, DIAGNOSTIC AND  ) <br> CORRECTIONAL CENTER,  ) <br>  ) <br> Defendants.  ) | No. 4:20-cv-1944-AGF |

## MEMORANDUM AND ORDER

This matter is before the Court upon the request of plaintiff Joseph Michael Devon Engel, prison registration number 1069055, for leave to commence this civil action without prepayment of the filing fee.[1] Plaintiff's request will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint.

Plaintiff is a prisoner who, while incarcerated, has filed at least three civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[2] The Prison Litigation Reform Act of 1996 provides, in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

---

[1] Plaintiff has not filed a separate Application to Proceed in District Court Without Prepaying Fees or Costs. Instead, he included such request in the body of the complaint.

[2] On September 9, 2020, plaintiff began filing prisoner civil rights complaints *pro se* and *in forma pauperis* in this Court. To date, he has filed more than 130 such actions. As of December 21, 2020, at least three were dismissed for one of the reasons enumerated in 28 U.S.C. § 1915(e)(2). *See Engel v. Governor of Missouri, et al.,* No. 1:20-cv-217 HEA (E.D. Mo. Dec. 15, 2020); *Engel v. United States of America, et al.*, No. 4:20-cv-1742 MTS (E.D. Mo. Dec. 18, 2020); *Engel v. Missouri Courts, et al.,* No. 4:20-cv-1258 SPM (E.D. Mo. Dec. 21, 2020).

relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 135 S. Ct. 1759, 1763 (2015). Therefore, plaintiff may proceed *in forma pauperis* in this action only if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff filed the instant complaint on December 31, 2020 against Corizon and the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). He avers he is a civilly committed detainee, but review of records that are publicly available from the Missouri Department of Corrections shows he is actually a convicted and sentenced state prisoner. In setting forth his statement of claim, plaintiff writes: "This is in regards to me being a sourvin citizn [*sic*]." Plaintiff avers he suffers from gastrointestinal symptoms, but "medical refuses treatment MODOC refuses to help." He describes his injuries as "1st [Amendment], prisoner rights health, mental health, civil liberty rights, civil rights." As relief, plaintiff seeks "650 Trillion Dollars."

Plaintiff's allegations do not establish that he is under imminent danger of serious physical injury. Therefore, he may not proceed *in forma pauperis* in this action. *See* 28 U.S.C. § 1915(g). Accordingly, the Court will deny plaintiff's request for leave to commence this action without prepayment of the civil filing fee and will dismiss this case without prejudice to the filing of a fully-paid complaint.

Even if plaintiff were not subject to 28 U.S.C. § 1915(g), the complaint would be subject to dismissal. While plaintiff believes he is entitled to trillions of dollars in monetary relief because he was wrongfully denied medical care, his allegations do not state a plausible Eighth Amendment claim. The Eighth Amendment requires that inmates be provided with adequate medical care. *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). To establish that a denial

of medical care rises to the level of an Eighth Amendment violation, an inmate must show that a defendant acted with deliberate indifference. *Id.* The test for deliberate indifference consists of two prongs. *Id.* First, an inmate must show that he "suffered from an objectively serious medical need," and second, that the defendant knew of, and deliberately disregarded, that need. *Id.* Here, the complaint contains no factual allegations tending to show that anyone who could be identified as a defendant knew of, and deliberately disregarded, a serious medical need. The complaint therefore fails to state a plausible Eighth Amendment claim.

The complaint suffers from other deficiencies. It fails to state a claim upon which relief may be granted against Corizon because it points to no policy, custom, or official action by Corizon that inflicted an actionable injury. *See Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). The remaining defendant, the ERDCC, is not a "person" that can be sued under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999). Additionally, claims against the ERDCC would be barred by the doctrine of sovereign immunity. *See Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *see also Egerdahl v. Hibbing Community College*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). Plaintiff does not aver, nor is it apparent, that the State of Missouri has waived its Eleventh Amendment immunity or consented to suit, and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 340–345 (1979).

Finally, the complaint would be subject to dismissal because it is malicious. The complaint is one of over one hundred thirty (130) duplicative and meritless prisoner civil rights

3

complaints that plaintiff has recently filed in this Court against these defendants and others. Plaintiff submitted the pleadings in bulk, and specified he intended each one to be docketed as an individual civil action. It is therefore apparent that plaintiff initiated this action as part of a campaign of harassment through repetitive lawsuits, not with the intent of vindicating a cognizable right. *See In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits); *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may not proceed *in forma pauperis* in this action.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint. A separate order of dismissal will be entered herewith.

Dated this 23rd day of March 2021.

                                                */s/ Audrey G. Fleissig*
                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE